# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-03096-01-CR-S-BP |
| | ) | |
| FRANK PATRICK LAMBERT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND FINDING DEFENDANT COMPETENT TO STAND TRIAL

On December 22, 2017, the Honorable David P. Rush, United States Magistrate Judge for this District, issued a Report recommending that the undersigned find that Defendant is competent to stand trial. (Doc. 59.) Defendant objects to the Report. (Doc. 64.) The Court reviews de novo Judge Rush's finding and in doing so reviews the psychiatric report by Dr. Jeremiah Dwyer dated November 29, 2017, (Doc. 54), the transcript of the proceedings before Judge Rush, (Doc. 58), and Defendant's objections to the Report. (Doc. 64.) The Court overrules Defendant's objections, adopts the Report, and finds Defendant competent to stand trial.

"Competency to stand trial requires the ability to understand the nature of the proceedings, to consult with counsel, and to assist counsel in preparing a defense." *Drope v. Missouri,* 420 U.S. 162, 171 (8th Cir. 1975). In a seventeen page report, Dr. Dwyer concluded that Defendant has major depressive disorder which is recurrent and mild, adjustment disorder, and substance use disorder, but that there is no objective evidence that Defendant currently suffers from a major mental disorder that would impair Defendant's ability to understand the

nature and consequences of the proceedings against him or his ability to properly assist his counsel. Dr. Dwyer based his conclusions on clinical interviews, observation of Defendant's behavior at the facility, legally focused interviews, consultation with Health Services staff, administration of the Revised Competency Assessment Instrument ("RCAI"), and review of legal documents and available records. Defendant introduced no evidence to contradict Dr. Dwyer's findings.

Defendant raises three objections to Judge Rush's Report. First, Defendant makes a blanket objection that the evidence does not support the conclusion in the Report that he is mentally competent to proceed. Based on the Court's review of the psychiatric report, the transcript of the hearing, and the Report, the Court concludes that the evidence does support the conclusion that Defendant is competent to proceed. Second, Defendant argues that the findings of Dr. Dwyer are incomplete because the Minnesota Multiphasic Personality Inventory, ("MMPI"), was not administered. Defendant does not present any evidence that the MMPI is required for a complete psychiatric assessment, nor does Defendant provide any evidence that the RCAI or other evaluation methods Dr. Dwyer used were insufficient. Third, Defendant argues that his vision and reading problems prevented full testing—specifically, his ability to complete the MMPI. As previously discussed, the Court does not conclude that the MMPI is required for a complete assessment of competency.

Based on the psychiatric report and the transcript, the Court adopts Judge Rush's

recommendation and finds Defendant is competent to understand the nature and consequences of the proceedings against him and properly assist in his defense.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 30, 2018